# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ERIC R. MEYER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 8:04CV498 |
| | ) | |
| **CITY OF LINCOLN, NEBRASKA,** | ) | ORDER |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

This matter is before the court on defendant's MOTION TO COMPEL DISCOVERY RESPONSES (#34). The parties have complied with NECivR 7.1(i)(1). Having considered plaintiff's response (#36) and defendant's reply (#37), I find that the motion should be granted.

The complaint alleges that plaintiff is of Japanese ancestry and became a police officer for the City of Lincoln in May 1995. Plaintiff alleges he was constructively discharged from his employment as a Lincoln police officer as the result of racial harassment and unlawful retaliation for complaining about being harassed. On or about June 20, 2003, plaintiff left the Lincoln Police Department to go work for the Omaha Police Department at reduced pay and status.

As an affirmative defense, the City alleges that plaintiff had repeatedly applied for and sought a position with the Omaha Police Department in the years prior to 2003 for personal reasons and that his decision to take the job with the Omaha Police Department was not based upon constructive discharge.

Although the motion itself is less than clear[1], it appears that defendant seeks to compel responses to Interrogatories Nos. 1(c), 2, 5(c)(1), 5(c)(2), 6, 8, and 9.

---

[1] The lack of clarity stems largely from defendant's failure to comply with NECivR 7.1(i)(2), which provides: "A discovery motion shall include in the text of the motion or in an attachment a verbatim recitation of each interrogatory, request, answer, response, and objection that is the subject of the motion." While the interrogatories were included, the plaintiff's actual responses were not. In lieu of denying the motion for failure to comply with NECivR 7.1(i)(2), the court will assume that the interrogatories originally at issue are those identified in Filing #34, Exhibit L.

Interrogatories Nos. 1(c), 2, 8 and 9 all request relevant financial information, some of which may be included in plaintiff's expert witness's report. Exhibit M to the Motion to Compel, indicates that the plaintiff decided to answer Interrogatory No. 6. At page 3 of plaintiff's brief (#37), the court is further advised that the plaintiff has fully answered Interrogatories Nos. 1, 2, 6, 8 and 9. Since that information was not refuted in defendant's reply brief, the motion will be denied as moot as to Interrogatories Nos. 1, 2, 6, 8 and 9.

The issues actually briefed by the defendant pertain to Interrogatory No. 5(c), which states:

> If you are married, please state:
> * * * *
> (c) Your wife's present employment:
> (1) Your wife's previous employment during the past ten (10) years including the times and dates of that employment; and
> (2) The salary associated with that employment.

Defendant's Exhibit M includes an e-mail from plaintiff's attorney clarifying, "The only portion of the interrogatory I refused to answer is the amount of her salary." Plaintiff contends that the amount of his wife's salary is irrelevant to his claim for constructive discharge.

Defendant contends the information is relevant because:

> Defendant's counsel asserts that the Plaintiff and his wife moved from Lincoln, Nebraska on December 1, 2000 in order to accommodate her employment situation in Omaha. During the time they lived in Lincoln, Nebraska the Plaintiff worked as a Lincoln police officer and his wife attended school and had part-time employment. The decision to move to Omaha was for family convenience and the fact that Plaintiff's wife graduated and obtained full-time employment in the Omaha area which is a negating factor in the Plaintiff's assertion of constructive discharge. Therefore, the Plaintiff's wife's employment, compensation, and other employment issues are all relevant to this litigation. The Plaintiff can object to the relevance of this information during trial, but the Defendant should be able to obtain this information during this phase of discovery.

The scope of discovery in federal civil actions is set out in Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides, in part, that parties may obtain discovery

regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence....

The elements of a constructive discharge claim were recently discussed in *Baker v. John Morrell & Co.*, 382 F.3d 816, 829 (8th Cir. 2004):

> Constructive discharge occurs when an employer deliberately renders the employee's working conditions intolerable, thereby forcing her to quit. *Klein* [*v. McGowan,* 198 F.3d 705, 709 (8th Cir. 1999)]. "[I]ntolerability of working conditions is judged by an objective standard, not the [employee's] subjective feelings." *Gartman v. Gencorp, Inc.,* 120 F.3d 127, 130 (8th Cir. 1997) (internal citation and quotations omitted). First, the conditions created by the employer must be such that a reasonable person would find them intolerable. *Id.* Second, "the employer's actions must have been taken with the intention of forcing the employee to quit." *Johnson v. Bunny Bread Co.,* 646 F.2d 1250, 1256 (8th Cir.1981). We have held, however, "[w]hen an employer denies a conscious effort to force an employee to resign ... the employer must necessarily be held to intend the reasonably foreseeable consequences of its actions." *Hukkanen v. Int'l Union of Operating Eng'rs Hoisting & Portable Local No. 101,* 3 F.3d 281, 285 (8th Cir. 1993). Finally, "to act reasonably, an employee has an obligation not to assume the worst and not to jump to conclusions too quickly"; therefore, "[a]n employee who quits without giving his employer a reasonable chance to work out a problem has not been constructively discharged." *West v. Marion Merrell Dow, Inc.,* 54 F.3d 493, 498 (8th Cir. 1995).

These principles are reflected in Eighth Circuit Pattern Jury Instruction 5.93 (May 2005), which requires the plaintiff to prove:

> First, defendant made plaintiff's working conditions intolerable, and
> Second, plaintiff's race was a motivating factor in defendant's actions, and
> Third, defendant acted with the intent of forcing plaintiff to quit or plaintiff's resignation was a reasonably foreseeable result of defendant's actions.
> Working conditions are intolerable if a reasonable person in plaintiff's situation would have deemed resignation the only reasonable alternative.

-3-

In this case, the defendant contends the plaintiff's resignation from the Lincoln Police Department was motivated by matters related to his personal convenience, not because his working conditions were intolerable. I note that the plaintiff moved from Lincoln to Omaha over two years before he resigned from the Lincoln Police Department. Considering that circumstance, together with the elements of a claim for constructive discharge, it does not appear to the court that plaintiff's wife's salary is relevant to any claim or defense asserted in this lawsuit. Nor has the defendant shown good cause to order disclosure of this information as a matter "relevant to the subject matter" of the action.

**IT IS ORDERED:**

1. Defendant's MOTION TO COMPEL DISCOVERY RESPONSES (#34) is denied as moot as to Interrogatories Nos. 1, 2, 5(c)(1), 6, 8 and 9, and denied on the merits as to Interrogatory No. 5(c)(2).

2. The circumstances of this dispute would make an award of expenses unjust and the court declines to award costs or fees to either party. *See* Fed. R. Civ. P. 37(a)(4)(B).

**DATED December 19, 2005.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**